1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES HALE,

11            Plaintiff,                    No. 2:13-cv-0630 KJN P

12       vs.

13   SGT. NESS, et al.,

14            Defendants.                   ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20            Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1  make monthly payments of twenty percent of the preceding month's income credited to

2  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4  fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

2

1    allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

2    "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3    notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4    U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6    as true the allegations of the complaint in question,  id., and construe the pleading in the light

7    most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

8    grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9            While housed at the California Correctional Center in Susanville, plaintiff claims

10   that on April 19, 2012, he was handcuffed and made to sit in a gravel volleyball court, and that

11   defendants Ness and Hodge denied plaintiff's request to use the bathroom, for over five hours,

12   resulting in plaintiff having to relieve himself during that period and sit in his urine-soaked boxer

13   shorts for about two hours.  Plaintiff contends it was cruel and unusual punishment not to be

14   allowed to go to the restroom for five hours.  This claim appears to state a potentially cognizable

15   claim for violation of the Eighth Amendment, and plaintiff should renew these allegations in any

16   amended complaint.

17           However, plaintiff also contends that defendants Ness and Hodge denied

18   plaintiff's request for medical attention.  Plaintiff also alleges that he warned defendant Parker

19   that plaintiff has a disability limiting his ability to move fast, but that defendant Parker forced

20   plaintiff down a stairwell, which caused a fracture to plaintiff's right pinky finger.  Plaintiff

21   claims these defendants were all deliberately indifferent to his serious medical needs.

22           "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

23   an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439

24   F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).)  The two

25   prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need'

26   by demonstrating that 'failure to treat a prisoner's condition could result in further significant

1    injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the

2    need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d

3    1050, 1059 (9th Cir. 1992).)  Deliberate indifference is shown by "a purposeful act or failure to

4    respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>,

5    439 F.3d at 1096 (citing <u>McGuckin</u>, 974 F.2d at 1060.)  In order to state a claim for violation of

6    the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named

7    defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health. . . ." <u>Farmer v.</u>

8    <u>Brennan</u>, 511 U.S. 825, 837 (1994).

9          In applying this standard, the Ninth Circuit has held that before it can be said that

10    a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

11    substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

12    cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing

13    <u>Estelle</u>, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in diagnosing or

14    treating a medical condition does not state a valid claim of medical mistreatment under the

15    Eighth Amendment.  Even gross negligence is insufficient to establish deliberate indifference to

16    serious medical needs.  <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).  A

17    difference of opinion between medical professionals concerning the appropriate course of

18    treatment generally does not amount to deliberate indifference to serious medical needs.  <u>Toguchi</u>

19    <u>v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir.

20    1989).  Also, "a difference of opinion between a prisoner-patient and prison medical authorities

21    regarding treatment does not give rise to a[§ ]1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337,

22    1344 (9th Cir. 1981).

23          Here, plaintiff does not identify the alleged injuries for which he claims

24    defendants Ness and Hodge allegedly denied plaintiff medical treatment.  Moreover, it is unclear

25    when plaintiff contends his pinky finger was injured.  The medical report dated April 19, 2012,

26    noted that no injuries were found, and the diagram of the human anatomy, on which medical

4

1    professionals note the location of injuries, states "finger-tip splint in place." (Dkt. No. 1 at 9.)

2    This record also reflects that plaintiff claimed he sustained injuries from being handcuffed. (Id.)

3    Thus, it is unclear which injuries for which plaintiff claims defendants Ness and Hodge allegedly

4    did not allow plaintiff to obtain treatment.  Moreover, plaintiff failed to allege specific facts

5    demonstrating that any defendant acted with a culpable state of mind.  Plaintiff is granted leave

6    to amend in the event he can allege facts meeting the above standards.

7          Plaintiff names all defendants in their individual and official capacities.  However,

8    the Eleventh Amendment bars plaintiff's claims against the individual defendants in their official

9    capacities.  In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the

10    Supreme Court held that states, state agencies, and state officials sued in their official capacities

11    are not persons subject to civil rights suits under 42 U.S.C. § 1983.  The Supreme Court reasoned

12    that a suit against a state official in his or her official capacity is a suit against the official's office,

13    and as such is no different from a suit against the State itself, which is barred by the Eleventh

14    Amendment.  See id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.), cert. denied,

15    528 U.S. 816 (1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995).  In addition, "the

16    Eleventh Amendment bars actions against state officers sued in their official capacities for past

17    alleged misconduct involving a complainant's federally protected rights, where the nature of the

18    relief sought is retroactive, i.e., money damages." Bair v. Krug, 853 F.2d 672, 675 (9th Cir.

19    1988).

20          Because defendants are prison employees connected with the California

21    Department of Corrections and Rehabilitation, plaintiff's claims for monetary damages against

22    these defendants named in their official capacities are barred.  Thus, in any amended complaint,

23    plaintiff should name defendants solely in their individual capacities.

24          Finally, it appears that plaintiff may contend that defendant Parker used excessive

25    force by allegedly forcing plaintiff down the stairwell.

26    ////

1    "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

2    Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson

3    v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim

4    is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation

5    marks and citations omitted). The malicious and sadistic use of force to cause harm always

6    violates contemporary standards of decency, regardless of whether or not significant injury is

7    evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth

8    Amendment excessive force standard examines de minimis uses of force, not de minimis

9    injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause

10   of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual

11   punishments necessarily excludes from constitutional recognition de minimis uses of physical

12   force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id.

13   at 9-10 (internal quotations marks and citations omitted).

14           "[W]henever prison officials stand accused of using excessive physical force in

15   violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether

16   force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

17   sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and

18   unnecessary, it may also be proper to evaluate the need for application of force, the relationship

19   between that need and the amount of force used, the threat reasonably perceived by the

20   responsible officials, and any efforts made to temper the severity of a forceful response." Id.

21   (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to

22   the Eighth Amendment inquiry, but does not end it." Id.

23           The court finds the allegations in plaintiff's complaint so vague and conclusory

24   that it is unable to determine whether the current action is frivolous or fails to state a claim for

25   relief. The court has determined that the complaint does not contain a short and plain statement

26   as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading

6

1    policy, a complaint must give fair notice and state the elements of the claim plainly and

2    succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

3    allege with at least some degree of particularity overt acts which defendants engaged in that

4    support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

5    R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

6    an amended complaint.

7         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8    conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

9    Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

10   how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

11   unless there is some affirmative link or connection between a defendant's actions and the

12   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

13   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

14   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

15   268 (9th Cir. 1982).

16        In addition, plaintiff is hereby informed that the court cannot refer to a prior

17   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

18   an amended complaint be complete in itself without reference to any prior pleading.  This

19   requirement exists because, as a general rule, an amended complaint supersedes the original

20   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

21   complaint, the original pleading no longer serves any function in the case.  Therefore, in an

22   amended complaint, as in an original complaint, each claim and the involvement of each

23   defendant must be sufficiently alleged.

24        Finally, plaintiff is not required to append exhibits to his amended complaint.

25   Plaintiff may ask the court to re-append the exhibits to his amended complaint, or may reference

26   the exhibits filed with the original complaint as they are part of the court record.

7

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6  Director of the California Department of Corrections and Rehabilitation filed concurrently

7  herewith.

8    3.  Plaintiff's complaint is dismissed.

9    4.  Within thirty days from the date of this order, plaintiff shall complete the

10  attached Notice of Amendment and submit the following documents to the court:

11    a.  The completed Notice of Amendment; and

12    b.  An original and one copy of the Amended Complaint.

13  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

14  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

15  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

16  Failure to file an amended complaint in accordance with this order may result in the dismissal of

17  this action.

18  DATED:  May 13, 2013

19

20

21  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

22  hale0630.14

23

24

25

26

8

1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES HALE,

11              Plaintiff,                    No. 2:13-cv-0630 KJN P

12        vs.

13   SGT. NESS, et al.,                       NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____        Amended Complaint

19   DATED:

20

21                                      _____

22                                      Plaintiff

23

24

25

26